IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARTIE H. SAUVAGEOT,

    Plaintiff,

v.                          Civil Action No. 5:11CV13
                                  (STAMP)
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION TO DISMISS AND
GRANTING THE DEFENDANT'S ALTERNATIVE MOTION TO TRANSFER**

I.  Procedural History

The plaintiff, Artie H. Sauvageot, filed a complaint in the Circuit Court of Brooke County, West Virginia, against the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), asserting claims for uninsured/underinsured motorist ("UM/UIM") benefits and violations of the West Virginia Unfair Claims Settlement Practices Act and the duty of good faith and fair dealing. State Farm filed a motion to dismiss or transfer pursuant to a forum selection clause in the insurance contract. The plaintiff filed a response to which the defendant replied.

For the reasons set forth below, the defendant's motion to dismiss is denied and the defendant's alternative motion to transfer is granted.

## II. <u>Facts</u>[1]

Ka-Ce Lewis, driving a vehicle owned by Richard Lewis, crossed the center line and his vehicle hit the plaintiff's vehicle in a head on collision. Ka-Ce Lewis allegedly was under the influence of drugs and alcohol at the time of the collision. The plaintiff carried automobile insurance through State Farm. On April 13, 2009, the plaintiff sent a letter to State Farm making a request for uninsured/underinsured motorist ("UM/UIM") benefits under his policy. On April 21, 2009, Liberty Mutual, Richard Lewis's carrier, denied liability coverage to the plaintiff on the grounds that Ka-Ce, Richard's son, illegally and improperly took the vehicle without Richard's permission. Ka-Ce allegedly had no auto liability coverage.

The plaintiff's insurance contract with State Farm provides a forum selection clause in the "Uninsured Motor Vehicle Coverage" section. Under the heading of "Deciding Fault and Amount," the policy states that the insured shall:

> (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
>     (a) **us**;
>     (b) the owner and driver of the **uninsured motor vehicle** unless **we** have consented to a settlement offer proposed by or on behalf of such owner or driver; and
>     (c) any other party or parties who may be legally liable for the **insured's** damages.

---

[1] For purposes of deciding this motion to dismiss, the facts are based upon the allegations contained in the complaint.

III. Applicable Law

This Court reviews a motion to dismiss pursuant to a forum selection clause under Federal Rule of Civil Procedure ("Rule") 12(b)(3). Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). In reviewing a motion to dismiss under Rule 12(b)(3), this Court may "freely consider evidence outside the pleadings." Id. Because a forum selection clause "changes the default venue rules applicable to the agreement," a federal court "will apply federal law and in doing so, give effect to the parties' agreement." Albemarle Corp. v. Astrazeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010).

IV. Discussion

A. Motion to Dismiss

1. Forum Selection Clause

The defendant's motion to dismiss or transfer is based on a forum selection clause in the UM/UIM section of the plaintiff's policy. The forum selection clause states that the plaintiff must sue State Farm and the alleged tortfeasors in a state or federal court that has jurisdiction over State Farm, the alleged tortfeasors, and any other parties that may be responsible for damages. State Farm contends that because this Court does not have personal jurisdiction over Ka-Ce and Richard Lewis, the plaintiff's action in bringing the suit in West Virginia violates the forum selection clause. Alternatively, State Farm argues that this Court

3

should transfer this action to the District Court for the Western District of Pennsylvania because the accident occurred in Pittsburgh, Pennsylvania.  It argues that the evidence is located in Pittsburgh, the investigating police officers and emergency medical providers all likely reside in Allegheny County, Pennsylvania, the plaintiff's treating neurosurgeon practices in Pittsburgh, and the alleged tortfeasors are not subject to this Court's jurisdiction.

The plaintiff claims that this Court now has jurisdiction over the alleged tortfeasors because Wheeling is within 100 miles of the alleged tortfeasors' home in Pittsburgh.  The plaintiff cites Rule 4(k)(1)(B), also known as the "bulge rule," to make this argument.  The plaintiff further argues that this district is convenient for the plaintiff and State Farm.  The plaintiff's treating physicians are from West Virginia with the exception of a neurosurgical consult.  The plaintiff also states that because liability is not at issue, the location of liability witnesses should not factor into the decision to transfer.  Finally, as to the forum selection clause, the plaintiff argues that the clause was not reasonably communicated to him.

As mentioned above, the Fourth Circuit has stated that a federal district court must apply federal law rather than state law in interpreting a forum selection clause.  <u>Albemarle Corp.</u>, 628 F.3d at 650.  Under the federal standard, courts afford forum

selection clauses presumptive validity. <u>Allen v. Lloyd's of London</u>, 94 F.3d 923, 928 (4th Cir. 1996). However, this presumption is not absolute. <u>Id.</u> A mandatory forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972). Forum selection clauses are unreasonable under the federal standard if:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

See <u>Allen</u>, 94 F.3d at 928 (articulating the federal standard as discussed in <u>The Bremen</u>, 407 U.S. at 12-13, and <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 595 (1991)). The party opposing the application of the forum selection clause bears a heavy burden of proving unreasonableness.

Here, rather than arguing the federal standard, the plaintiff cites West Virginia law and contends that the forum selection clause was not reasonably communicated to him. The plaintiff states that he is 64 years old and that he did not read, know, or understand the forum selection clause.

As to the first prong, this Court finds that the formation was not induced by fraud or overreaching. The plaintiff's "ignorance

5

due to failure to read is no excuse" to disregard a forum selection clause. Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp., 696 F.2d 315, 318 (4th Cir. 1982).

As to the second prong, "[m]ere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that [the complaining party] received under the contract consideration for these things." Davis Media Group, Inc. v. Best Western Int'l, Inc., 302 F. Supp. 2d 464, 469 (D. Md. 2004) (citing Central Contracting Co. v. Md. Cas. Co., 367 F.2d 341, 344 (3d Cir. 1966)). Here, the plaintiff will not be deprived of his day in court if this case is litigated in a Pennsylvania court. In this case, Pennsylvania is not a "remote alien forum," nor is this dispute an essentially local one more suited to resolution in West Virginia than Pennsylvania given the fact that the plaintiff's injury occurred in Pennsylvania and the alleged tortfeasors reside in Pennsylvania. Carnival Cruise Lines, 499 U.S. at 594. In addition, the plaintiff resides within 50 miles of Pittsburgh.

The plaintiff does not argue that he will be deprived of a remedy in a Pennsylvania court. The insurance contract, in paragraph 14 of the "General Terms" section, provides that the law of the State of West Virginia will control in the event of any disagreement as to the interpretation and application of any provision in the insurance contract.

The final prong of the unreasonable test is whether the forum selection clause contravenes the forum state's public policy. In West Virginia, forum selection clauses "are not contrary to public policy." Caperton v. A.T. Massey Coal Co., 679 S.E.2d 223, 235 (W. Va. 2008). This Court looks to whether the clause is fair and reasonable. Id. If it is not fair and reasonable, only then does the public policy prong make a forum selection clause unenforceable. Id. As mentioned above, a forum selection clause is not unreasonable because a party to a contract failed to read the provision. Mercury Coal & Coke, Inc., 696 F.2d at 318. Because this Court has found the forum selection clause fair and reasonable, and because forum selection clauses are not in and of themselves contrary to the public policy of West Virginia, the parties' forum selection clause contained in the contract should be given effect.

2. <u>Personal Jurisdiction over the Alleged Tortfeasors</u>

Because this Court has found that the forum selection clause contained in the insurance contract is valid and enforceable, this Court must now determine whether the plaintiff filed a lawsuit in a state or federal court that has jurisdiction against State Farm, the owner of the vehicle, and the driver of the vehicle. The parties do not dispute that the Circuit Court of Brooke County, West Virginia, where the plaintiff originally filed suit, does not have personal jurisdiction over the alleged tortfeasors. However,

7

the plaintiff argues that this Court has jurisdiction over the alleged tortfeasors pursuant to Rule 4(k)(1)(B).

First, this Court notes that the language of the forum selection clause requires the plaintiff to file suit in a court that has jurisdiction over the tortfeasors. He did not file such a suit. Secondly, even if the plaintiff had filed suit in this Court rather than state court, the "bulge rule" of Rule 4 does not provide personal jurisdiction over the alleged tortfeasors in this case.

Rule 4(k)(1)(B) states that, "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued." Fed. R. Civ. P. 4(k)(1)(B). Accordingly, "if a party delineated in Rule 4[(k)(1)(B)] has minimum contacts with the 100-mile bulge area, the district court in the forum state gains personal jurisdiction over such party through service of process pursuant to [Rule 4(k)(1)(B)], providing due process is satisfied." Quinones v. Pa. Gen. Ins. Co., 804 F.2d 1167, 1174 (10th Cir. 1986).

In this case, although the alleged tortfeasors live within 100 miles of this point of holding court, they have not been served with a summons, nor has there been a filing of waiver of service. This Court notes that Richard and Ka-Ce Lewis are not third-party

8

defendants pursuant to Rule 14. Likewise, they are not indispensable parties pursuant to Rule 19. As the plaintiff states in his response brief, the present civil action is a bad faith action against State Farm and liability is not an issue. Accordingly, this Court finds that it does not have personal jurisdiction over Ka-Ce and Richard Lewis pursuant to Rule 4(k)(1)(B).

B. <u>Alternative Motion to Transfer</u>

As discussed above, a 12(b)(3) motion is the appropriate motion to dismiss pursuant to a forum selection clause. However, "transfer is the preferred remedy to dismissal when a forum selection clause dictates that another federal forum is the proper venue for litigation." <u>Petroleum Products, Inc. v. Commerce & Indus. Ins. Co.</u>, 2009 WL 4782063, *5 (S.D. W. Va. Dec. 4, 2009) (citing <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 28-29 (1988)); <u>see also</u> <u>Salovaara v. Jackson Nat'l Life Ins. Co.</u>, 246 F.3d 289, 299 (3d Cir. 2001) (stating that it makes "better sense" to transfer rather than to dismiss). In this case, the forum selection clause provides that the plaintiff could bring suit against the defendant in an appropriate state or federal court.

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice."

28 U.S.C. § 1404(a). The decision to transfer venue is left to the sound discretion of the trial court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

In re Campbell Transp. Co., Inc., 368 F. Supp. 2d 553, 555-56 (N.D. W. Va. 2005) (citing Alpha Welding & Fabricating Co. v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D. W. Va. 1993)). The movants typically bear the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). "The presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." Stewart Org., 487 U.S. at 29.

Here, the plaintiff's concerns with transfer involve a 64-year-old man dealing with downtown Pittsburgh traffic and parking. He also states that his doctors are located in West Virginia, with the exception of a neurosurgical consult from Pittsburgh. The plaintiff states that the adjusters from State Farm are located in Charleston, West Virginia, and as liability is not at issue, witnesses to the accident which might live in western Pennsylvania are not necessary.

This Court finds that this civil action should be transferred to the Western District of Pennsylvania. As mentioned above, the forum selection clause in the insurance contract represents "the parties' private expression of their venue preferences." Id. at 30. This Court balances that private expression along with the private and public interests.

As to the ease of access to sources of proof, the defendant is correct that the accident occurred in Pittsburgh and any relevant physical evidence will be located in the Pittsburgh area. Because this is a bad faith action, and not a liability action, this factor only weighs slightly in favor of transfer. The convenience of the parties and witnesses weighs neither in favor of transfer nor this Court retaining this civil action. The plaintiff states that he has doctors in West Virginia and he does not want to drive or park in downtown Pittsburgh. The defendant points to a neurologist in Pittsburgh as well as investigating police officers and emergency medical providers located in western Pennsylvania. This Court also notes that the expense for the adjusters to travel to Wheeling, West Virginia or Pittsburgh, Pennsylvania from Charleston, West Virginia does not impact the balancing. Again, as there are potential witnesses in both West Virginia and Pennsylvania, the availability of compulsory process weighs neither in favor nor in opposition to transfer.

The insurance contract states that West Virginia law will apply to this civil action. There is an interest in "having the trial of a diversity case in a forum that is at home with the state law that must govern the case." Petroleum Products, 2009 WL 4782063 at *8. This factor would slightly weigh in favor of not transferring the case. However, this Court has been presented with no evidence that the United States District Court for the Western District of Pennsylvania could not accurately apply the law of West Virginia.

After carefully balancing the interests, this Court believes that the transfer of this civil action to the Western District of Pennsylvania is appropriate as the parties entered into a contract with a valid forum selection clause and the public and private factors this Court must consider slightly do weigh in favor of this Court transferring this civil action.

## V. Conclusion

For the reasons stated above, the defendants' motion to dismiss is DENIED and the defendant's alternative motion to transfer is GRANTED. Accordingly, it is ORDERED that this case be TRANSFERRED to the United States District Court for the Western District of Pennsylvania for all further proceedings. The Clerk of Court shall transfer the case to the Clerk of the Court of the United States District Court for the Western District of

Pennsylvania. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   July 8, 2011

                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE